**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| ALYSSA NOBRIGA, EVA PEPAJ, JESSICA HINTON, IRINA VORONIA, MONICA LEIGH, and URSULA MAYES, as assignees of MR. HAPPY, INC., | Index No. _____ |
| *Plaintiffs*, | |
| - against - | (Jury Trial Demanded) |
| CLEAR BLUE SPECIALTY INSURANCE COMPANY, | |
| *Defendant.* | |

**COMPLAINT**

Plaintiffs ALYSSA NOBRIGA, EVA PEPAJ, JESSICA HINTON, IRINA VORONIA, MONICA LEIGH, and URSULA MAYES (collectively, "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against defendant CLEAR BLUE SPECIALTY INSURANCE COMPANY ("Defendant" or "Clear Blue"), respectfully allege as follows:

**INTRODUCTION**

1. This is an action for breach of an insurance contract and for declaratory relief.

2. Plaintiffs are six (6) well-known models who instituted a lawsuit, *Nobriga, et al. v. Mr. Happy's Inc.*, Case No. 19-cv-868 (JAM) (the "Underlying Action"), in the U.S. District Court for the District of Connecticut against an entity called Mr. Happy's, Inc. ("Mr. Happy's"), which owned a strip club called Mr. Happy's located in Waterbury, Connecticut.

3. The crux of Plaintiffs' allegations in the Underlying Action was that each Plaintiff's image had appeared in Mr. Happy's advertisements without any Plaintiff's consent, and such appearances created the false impression with consumers that each Plaintiff was a stripper at the subject club, promoted or endorsed same, or was otherwise associated or affiliated with same.

- 1 -

4.      Upon receiving the lawsuit, Mr. Happy's tendered its defense of the Underlying Action to Clear Blue and sought indemnity from Clear Blue.

5.      Clear Blue denied Mr. Happy's requests for a defense and indemnification.

6.      Mr. Happy's thereafter settled the Underlying Action with the Plaintiffs and assigned all claims it had against Clear Blue to Plaintiffs.

7.      Plaintiffs now bring this direct action against Clear Blue seeking compensation for the costs and expenses incurred in the Underlying Action; a declaration Clear Blue owes Mr. Happy's a defense and indemnity under the operative insurance policies; actual damages; and all attorneys' fees, costs and disbursements.

## JURISDICTION & VENUE

8.      This action seeks relief by reason of Clear Blue's failure and refusal to defend and indemnify its policy holders, Mr. Happy's.

9.      This Court has general personal jurisdiction over Clear Blue because Clear Blue conducts extensive business in the State of Connecticut.

10.     This Court possesses specific personal jurisdiction over Clear Blue because Mr. Happy's insurance policy with Clear Blue was entered into in Connecticut, and the transactions complained of herein between Mr. Happy's and Clear Blue took place within the State of Connecticut.

11.     This Court has subject matter jurisdiction in this action through diversity of the parties under 28 U.S.C. § 1332.  The sum in controversy exceeds $75,000, exclusive of interest and costs.

## PARTIES

12.    Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States (though none reside in Connecticut) whose images were used in advertising by Mr. Happy's.

13.    These misappropriated images were published by Mr. Happy's on their websites, social media pages, or in print advertisements which were published in Connecticut and available to Connecticut consumers.

14.    Plaintiff ALYSSA NORBRIA is a well-known professional model and a resident of Los Angeles County, California.

15.    Plaintiff IRINA VORONINA is a well-known professional model and a resident of Los Angeles County, California.

16.    Plaintiff EVA PEPAJ is a well-known professional model and a resident of Los Angeles County, California.

17.    Plaintiff JESSICA HINTON is a well-known professional model and a resident of Los Angeles County, California.

18.    Plaintiff URSULA MAYES is a well-known professional model and a resident of Orange County, California.

19.    Plaintiff MONICA LEIGH is a well-known professional model and a resident of Suffolk County, New York.

20.    Upon information and belief, defendant CLEAR BLUE is a corporation formed and operating under the laws of the state of North Carolina, is authorized to do business in the State of Connecticut and is doing business in the State of Connecticut.

**FACTUAL ALLEGATIONS**

21.    Starting in August 2017, Mr. Happy's secured and maintained a policy of commercial general liability insurance policy (the "Policy") from Clear Blue.

22.    Clear Blue issued the Policy, which it renewed once, identified as Policy Nos. AE05-00000208-00 to Mr. Happy's for a policy period August 9, 2017 through August 9, 2018.

23.    The policy premium on the Policy was a substantial sum of money, which was paid by Mr. Happy's.

24.    Mr. Happy's has met every condition required in the Policy.  As a result, the Policy remained in full force and effect with respect to Mr. Happy's during periods of time relevant to this action.

25.    The Policy provided coverage for "Personal and Advertising Injury" among its terms.

26.    Pursuant to the terms of the Policy, the definition of "Personal and Advertising Injury" includes, in part, injury arising out of "(d) Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

27.    Pursuant to the terms of the Policy, the definition of "Personal and Advertising Injury" includes, in part, "(e) Oral or written publication, in any manner, of material that violates a person's right of privacy."

28.    Pursuant to the terms of the Policy, the definition of "Personal and Advertising Injury" includes, in part, "(f) The use of another's advertising idea in your 'advertisement.'"

29.    Pursuant to the Policy, the definition of "Advertisement" means a:

[N]otice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

a.  Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b.   Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

30. None of the exclusions stated in the Policy excuse Clear Blue from its obligations to provide a defense and coverage in the Underlying Action.

31. In or around 2019, the Plaintiffs commenced the Underlying Action by filing a complaint against Mr. Happy's in this Court.

32. All of the claims alleged by the Plaintiffs against Mr. Happy's are based on factual allegations that pertain to Mr. Happy's advertising activities.

33. Following the Plaintiffs' filing of the Complaint against Mr. Happy's which asserted several claims covered by the Policy, Mr. Happy's tendered the Complaint to Clear Blue.

34. The claim was tendered by Mr. Happy's to Clear Blue, and Mr. Happy's provided Clear Blue with timely notice of the Underlying Action.

35. Clear Blue denied defense and coverage to Mr. Happy's in a denial letter (the "Denial Letter") on the grounds that the Underlying Action fell within several of the listed exclusions in the Policy.

36. Clear Blue's conclusion that the factual allegations in the Underlying Action are subject to exclusion from "personal and advertising injury" is arbitrary and contrary to the facts of the complaint in the Underlying Action and well-settled law.

37. Clear Blue's denial of a defense to Mr. Happy's is without merit.

38.     The Plaintiffs specifically asserted a demand for monetary damages as a direct consequence of Mr. Happy's advertising activities that fall within covered offenses listed in the Policy.

39.     The Plaintiffs' allegations against Mr. Happy's trigger coverage within the provisions of the Policy.

40.     Such allegations relate directly to the alleged disparagement of, and violation of the right of privacy of, the Plaintiffs in Mr. Happy advertisements and in connection with Mr. Happy advertising and marketing activities which the Plaintiffs allege took place on Mr. Happy's website and social media accounts and in print advertisements.

41.     Such allegations and others by the Plaintiffs in the Underlying Action trigger Clear Blue's duty to defend and duty to indemnify Mr. Happy's.

42.     Considering Clear Blue's failure, in breach of their agreement with Mr. Happy's, to defend the Underlying Action, Mr. Happy's settled the Underlying Action with Mr. Happy's and thereafter assigned its rights under the Policy to Plaintiffs.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

43.     Plaintiffs repeat and incorporate by reference all allegations heretofore set forth herein.

44.     Pursuant to the terms of the Policy, Clear Blue was obligated to defend and indemnify Mr. Happy's in the Underlying Action.

45.     One or more claims asserted in Underlying Action constitute "Advertising Injury" under the definition of "Personal and Advertising Injury" contained in the Policy.

46.     Mr. Happy's made a proper demand for coverage, defense, and compensation.

47.     Mr. Happy's submitted timely notice to Clear Blue.

48.     Clear Blue improperly refused to cover, defend and compensate Mr. Happy's in connection with the Underlying Action.

49.     As a result, Clear Blue has breached the terms of its Policy.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

50.     Plaintiffs repeat and incorporate by reference all allegations heretofore set forth herein.

51.     An actual controversy arose between Mr. Happy's and Clear Blue concerning whether Clear Blue had to defend and has a duty to indemnify Mr. Happy's in the underlying actions as described herein.

52.     By virtue of the foregoing, Plaintiffs seek a judicial determination concerning this issue.

53.     A judicial determination is necessary and appropriate at this time so that the parties may proceed in accordance with their respective obligations and rights as determined by the Court.

## THIRD CAUSE OF ACTION
### (Connecticut Unfair Trade Practices Act, Conn. Gen. Stat.§ 42-110b)

54.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

55.     Clear Blue is in the business of providing insurance, including to companies in the state of Connecticut.

56.     As such, their business is consumer-oriented in nature and occurs within the trade and commerce of the state of Connecticut.

57.    Though Clear Blue through the Policy purports to provide coverage for advertising Injuries sustained by their insured, that coverage is illusory, and Clear Blue provides no such coverage.

58.    Defendant's conduct in purporting to provide coverage for Advertising Injuries but then refusing to defend and/or indemnify it's insured when a complaint against them avers an Advertising Injury constitutes an unfair and deceptive act and practice and unfair competition under Connecticut law.

59.    Such practices by Clear Blue offends the public policy of Connecticut, and are immoral, unethical, oppressive and unscrupulous insofar as Clear Blue is effectively fraudulently inducing companies to purchase its insurance policy with promises of coverage they have no intention of providing.

60.    Defendant's practices cause substantial injury to businesses in Connecticut.

61.    There are no benefits to Defendant's practices as set forth hereon except a benefit to Defendant's own commercial interests.

62.    As a result of Defendant's practices, Mr. Happy's suffered injuries.

63.    As a result of Defendant's practices, Mr. Happy's suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

64.    As required by Conn. Gen. Stat. 42-110g(c), Plaintiffs have transmitted a copy of this Complaint to the Office of the Attorney General of the State of Connecticut.

## FOURTH CAUSE OF ACTION
### (Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat.§ 38a-815)

65.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

66.     Defendant is in the business of providing insurance, including to companies in the state of Connecticut.

67.     As such, their business is consumer-oriented in nature and occurs within the trade and commerce of the state of Connecticut.

68.     Though Defendant through the Clear Blue Policies purports to provide coverage for Advertising Injuries sustained by their insured, that coverage is illusory, and Clear Blue provides no such coverage.

69.     Defendant's conduct in purporting to provide coverage for Advertising Injuries but then refusing to defend and/or indemnify its insured when a complaint against them avers an Advertising Injury constitutes an unfair and deceptive act and practice and unfair competition under Connecticut law.

70.     Such practices by Clear Blue offends the public policy of Connecticut, and are immoral, unethical, oppressive and unscrupulous insofar as Clear Blue is effectively fraudulently inducing companies to purchase its insurance policy with promises of coverage they have no intention of providing.

71.     Defendant's practices cause substantial injury to businesses in Connecticut.

72.     There are no benefits to Defendant's practices as set forth hereon except a benefit to Defendant's own commercial interests.

73.     As a result of Defendant's practices, Mr. Happy's suffered injuries.

74.     As a result of Defendant's practices, Mr. Happy's suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays for judgment against Clear Blue as follows:

A. With respect to Count I, for damages in an amount to be proven at trial;

B. With respect to Count II, for a judgment declaring that Clear Blue has an obligation to defend and indemnify Mr. Happy's in the Underlying Action;

C. With respect to Counts III and IV, for damages in an amount to be proven at trial, plus all attorneys' fees and costs;

D. With respect to Counts I-IV, for pre-judgment interest on all awards of damages; and

E. For such other and further relief as this Court deems just and proper.

**THE PLAINTIFS**

By:     */s/ Matthew C. Mason*
     Matthew C. Mason (ct 15291)
For:    GREGORY AND ADAMS, P.C.
     190 Old Ridgefield Road
     Wilton, CT 06897
     (203) 762-9000
     mmason@gregoryandadams.com

**THE CASAS LAW FIRM, P.C.**

By:     /s/ John V. Golaszewski
     John V. Golaszewski*
     1740 Broadway, 15th Fl.
     New York, New York
     T: 855.267.4457
     F: 855.220.9626

     *Pro Hac Vice Application Forthcoming
     *Attorneys for Plaintiffs*